City of Cincinnati, Appellee, *v.* The Bossert Machine
Co. et al., Appellants.

[Cite as Cincinnati v. Bossert Machine Co., 14 Ohio
App. 2d 35.]

(No. 10416—Decided March 4, 1968.)

*Mr. William A. McClain* and *Mr. Thomas H. Crush,* for
appellee.

*Messrs. Waite, Schindel, Bayless & Schneider, Mr.
Philip J. Schneider* and *Mr. George C. Schiele,* for appellants.

Hildebrant, J.   The parties are in accord with the following statement of the case:

"A petition for appropriation of real estate was filed
in the Common Pleas Court of Hamilton County, Ohio, by

the city of Cincinnati on May 19, 1967, against defendants-appellants. On September 13, 1967, defendants, The Bossert Machine Company and Julius G. Bossert, filed their answers by leave of Common Pleas Court. On September 19, 1967, the city of Cincinnati filed a motion to strike the answers from the files, and simultaneously filed a petition for the declaration of value at the amount set forth in its petition.

"On September 27, 1967, defendants filed by leave motions to strike the city's motion to strike the answers, and also to strike the city's motion to fix value, on the ground that to deny defendants the right to a trial by jury and to arbitrarily fix the value at the amount set forth in the petition, without the intervention of a jury violated Article I, Section 19, of the Constitution of Ohio; Bill of Rights, Amendment 5 of the Constitution of the United States; Article III, Section 2, of the Constitution of the United States; and Article IV of the Constitution of Ohio.

"Memorandum briefs were filed by defendants, oral arguments were heard, and both motions of the defendants were overruled. The motions of the city to strike the answers were granted, and the motion for declaration of value was also granted, and the value of the property was fixed at the amount set forth in the petition. Entries accordingly were entered on the 27th day of October, 1967."

Neither is there any dispute as to the following:

"The stricken answers claimed a valuation of the property at $65,000. The motion for declaration, which was granted, fixed the value at $24,000. The motion to strike the motion for declaration of value showed the city had previously offered $28,000 for the same property."

Chapter 163 of the Revised Code (131 Ohio Laws 179 et seq.), effective January 1, 1966, provides the general procedure for appropriation of property as distinguished from special procedural provisions applicable to the Department of Highways, conservancy and sanitary districts.

Sections 163.08 and 163.09, Revised Code, provide in part:

Section 163.08. "Any owner may file an answer to

such petition. * * * Any answer shall be filed on or before the third Saturday after the return day of summons or service by publication * * *. No extension of time for filing of an answer shall be granted."

Section 163.09. "(A) If no answer is filed pursuant to Section 163.08 * * * the court on motion of a public agency shall declare the value of the property taken and the damages, if any, to be set forth in the petition. In all other cases the court shall fix a time, within twenty days from the last date that such answer could have been filed, for the assessment of compensation by a jury."

Defendants, appellants herein, contend the striking of their answers and the fixing of the value of the appropriated property at the amount fixed by the city was prejudicial error, and stated the question presented to be:

"Is the absolute deadline fixed in R. C. Section 163.08 for filing and answer by a property owner and the fixing of the value at the amount set forth in the petition, in the absence of same, R. C. Section 163.09, thus depriving such property owner of his constitutional right to have a jury determine the value thereof, constitutional under either or both the Ohio and United States Constitutions?"

In upholding the constitutionality of Sections 163.08 and 163.09, Revised Code, the court below summarily relied upon two decisions of the Supreme Court of Ohio holding that the time limitation for pleading contained in the special statutes on appropriation by the Department of Highways was a statute of limitation and is mandatory and jurisdictional, to wit, In re Appropriation for Highway Purposes: Mashetter, Director of Highways, v. Huysman, 177 Ohio St. 118; and In re Appropriation of Easements for Highway Purposes, 172 Ohio St. 338.

General or pure statutes of limitation relate to the remedy rather than the right; whereas, in special statutory provisions creating and qualifying a given right if exercised within a given time, the time limitation is an inherent part of the statute, so that after the time runs the right is extinguished.

In the two cases cited supra, the court concerned itself

solely with the effect of statutes of limitation and considered the special provisions of Section 5519.01 *et seq.*, Revised Code, as creating new and additional jurisdiction in the Common Pleas and Probate Courts, and the statutory provisions as to the time of pleading, misnomered an appeal, to be newly created and, hence, jurisdictional.

An examination of the transcript, papers and briefs considered by the Supreme Court of Ohio in *In re Appropriation for Highway Purposes,* 177 Ohio St. 118, above, reveals that no constitutional question was posed, argued or considered by that court. We, therefore, distinguish those cases from the case at bar.

The Constitution vests the judicial power of the state government in certain courts, including Courts of Common Pleas; implicit in the wielding of that power is the right and duty to resist any invasion thereof by either the executive or legislative branch of government.

The Legislature very properly prescribes the procedure and fixes time limitations for the prescribed pleadings, following which the implications of default may be prescribed.

Section 163.08 of the Revised Code, in providing "any owner may file answer to such petition," grants no new right not already in existence by virtue of due process of law; the statute therein very properly fixes time for filing the answer and goes on to provide that "No extention of time for filing of an answer shall be granted."

The granting or withholding of an extension of time for pleading in the interest of justice and for good cause shown is, in the opinion of this court, a judicial function which may not be invaded by act of the Legislature. Due process so requires and has been recognized by the Legislature as the policy of the state in adopting Section 2309.42, Revised Code, which states: "Upon such terms as are just, the court, or a judge thereof in vacation, for good cause shown, may extend the time for filing any pleading."

The phrase, "due process of law," as used in the Fifth and Fourteenth Amendments to the Constitution of the United States, is derived from the phrase, "law of the

land," as used in the *Magna Charta*; neither phrase has been exactly defined. In the *Dartmouth College case* (*Trustees of Dartmouth College* v. *Woodward*, 4 Wheat. [17 U. S.] 518), Daniel Webster said, at page 581:

"* * * By the law of the land is most clearly intended the general law; a law, which hears before it condemns; which proceeds upon inquiry, and renders judgment only after trial. The meaning is, that every citizen shall hold his life, liberty, property, and immunities, under the protection of the general rules which govern society. * * *"

Due process of law does not consist of legislative legerdemain, but rather is intended to secure the individual from the arbitrary exercise of the powers of government—unrestrained by the higher "law of the land."

We, therefore, consider that provision wherein the Legislature attempts to deny the court the right to rule on an application to extend the time of pleading violates the requirements of due process of law and, further, is an unconstitutional invasion of the judicial power and void. It, therefore, was error prejudicial to the defendants to strike their answers from the files.

The most drastic exercise of governmental power imposed upon the governed, other than the taking of life or liberty, occurs in the taking of private property for public use; due process of law secures the individual owner the right to resist by all lawful means. If the provision against extending the time to answer were valid, or in event the court refused to extend the time, the court is required to make orders appropriate to a default in pleading. As to compensation and damages, the only order the court can and should make is compliance with the plain mandate of Section 19, Article I of the Ohio Consitution to fix a time for impaneling a jury to assess compensation and damages with notice to the dissatisfied owner, giving him opportunity to participate fully at the trial, offer evidence, examine and cross-examine witnesses, and be fully heard.

As far back as *Reckner* v. *Warner*, 22 Ohio St. 275, in the opinion, at page 294, the court states:

"We are inclined to give this construction to the stat-

ute for the reason, among others, that we deem it beyond the power of the Legislature to bar, by a statute of limitation, an action or a right secured by a constitutional provision immediately upon the accruing or maturing of the right. Such legislation, if not in terms, would, in effect, nullify the Constitution, and work a forfeiture of private property. * * *"

See, also, *King* v. *Greenwood Cemetery Association,* 67 Ohio St. 240.

The provision of Section 163.09 (A), Revised Code, permitting the court to fix the value and damages is squarely in conflict with Section 19, Article I of the Ohio Constitution and, therefore, unconstitutional and void.

We were cited to but one decided case on the identical question raised here, wherein the Common Pleas Court of Montgomery County reached a diametrically opposite conclusion to that of the Hamilton County Court here under review. In its opinion, the Montgomery County Court said:

"The court finds that any construction of the two foregoing sections which denies the owner of property being taken by eminent domain the right to have compensation assessed by a jury violates Article I, Section 19 of the Constitution of Ohio."

We approve that statement.

It was, therefore, error prejudicial to the defendants for the court to grant the motion to fix the value of the appropriated property at the amount set forth in the petition.

In summary, we find the portions of the two sections of the statutes referred to above are unconstitutional and void as lacking in the requirement of due process of law, an invasion of judicial power by the Legislature, and a direct violation of the provisions of Section 19, Article I of the Constitution of Ohio.

The judgment is reversed, and the cause is remanded for further proceedings according to law and this opinion.

*Judgment reversed.*

Long, P. J., concurs.