The State of Ohio, Appellee, *v.* Newkirk, Appellant.

(No. 530—Decided April 25, 1968.)

*Mr. Michael R. McKinley*, law director, for appellee.
*Messrs. Lutz & Oxley*, for appellant.

Rutherford, J. In the Municipal Court of the city of Ashland, the defendant, Charles D. Newkirk, was charged by affidavit with driving on a public highway, I-71, in Ashland County, at a ''speed unreasonable for conditions,'' to wit: ''90 MPH in a 70 MPH zone, in violation of Section 4511.21 of the Ohio Revised Code.''

No violation of Section 4511.20, Revised Code, was charged in the affidavit.

The bill of exceptions shows the following proceedings upon arraignment and sentence:

"The Court: Charles Newkirk, they say you came in late. Mr. Newkirk, you are charged with the violation of state law 4511.21. How do you plead?

"Mr. Newkirk: Guilty.

"The Court: What is the officer's report, please?

"Unknown: If it please the court, your Honor, this is Patrolman Johnson's statement. It states the violation occurred on the third of May at approximately 9:45 a. m.; that the defendant was observed southbound on Interstate 71 at State Route 539 in Wayne County driving at which appeared to be a high rate of speed. Pursuit was given and the defendant was clocked at 90 and above from County Rd. 138 to the Richland County line. During this time he passed nine other vehicles and was alone in the car. Signed by Patrolman Johnson.

"The Court: That will be the usual fifty and costs and the license will be suspended for ninety days.

"We will take a short recess and we will take up (unintelligible) case and we will finish up with (unintelligible) case."

Upon appeal to the Common Pleas Court, the defendant contended that the affidavit contained no charge that defendant's driving or his violation of Section 4511.21, Revised Code, related to reckless operation, and that upon defendant's plea of guilty to the charge against him in violation of Section 4511.21, Revised Code, the court's suspension of his driver's license for a period of ninety days was erroneous and exceeded the court's authority, being a penalty beyond the power of the court to impose under the circumstances.

The defendant further claimed that he was denied due process of law in the proceedings in the Municipal Court by not being informed before the plea of the nature and cause of the charge against him involving such penalty; that he was not represented by counsel in Municipal Court, was not informed prior to his plea that his driver's license was in danger, and was not given an opportunity before

sentence to make any statement in mitigation, namely, that driving was his livelihood and that his suspension seriously affected his employment.

The Common Pleas Court entered judgment, as shown by journal entry, which reads as follows:

"This cause came on for hearing upon the appeal on questions of law, assignments of error, bill of exceptions, the transcript and the original papers and pleadings from the Municipal Court of Ashland, Ohio, and was argued by counsel. On consideration whereof the court finds there is error apparent upon the record in said proceedings and judgment prejudicial to the appellant, and that the Municipal Court of Ashland, Ohio, was without power in said cause to suspend the driver's license of the applicant as a part of its sentence.

"It is therefore considered and adjudged that the judgment of the Municipal Court of Ashland, Ohio, suspending the driver's license of the appellant is hereby reversed and vacated.

"(* * *)"

An opinion written by the Common Pleas Court has been published in 12 Ohio Misc. 151. Paragraph three of the syllabus reads:

"Where the only evidence produced on trial showed that a motorist was traveling 90 m.p.h. in a 70 m.p.h. zone on a divided super highway, and that nine automobiles were passed over a distance of 4¼ miles, the Municipal Court was without power to impose, as a part of the sentence for a violation of Section 4511.21, Revised Code, a suspension of the motorist's driver's license."

The first issue presented in the instant case is whether a violation of Section 4511.21, Revised Code, regulating the speed of motor vehicles, is an offense "relating to reckless operation" of motor vehicles warranting a court to suspend the offender's driver's license, under the authority of Section 4507.34, Revised Code, which provides:

"Whenever a person is found guilty under the laws of this state or any ordinance of any political subdivision thereof, of operating a motor vehicle in violation of such

laws or ordinances, relating to reckless operation, the trial court of any court of record may, in addition to or independent of all other penalties provided by law, suspend for any period of time or revoke the license to drive of any person so convicted or pleading guilty to such offenses for such period as it determines, not to exceed one year.''

This issue is identical to the issue presented in the case of *Akron* v. *Willingham,* 166 Ohio St. 337, wherein the Supreme Court of Ohio, at page 338 in the *per curiam* opinion, held:

''Since Section 4507.34, Revised Code, * * * refers to the 'laws,' 'ordinances,' and 'offenses' in the plural, it was clearly not the intention of the General Assembly to relate 'reckless operation' to Section 4511.20 only. A law or ordinance prohibiting speeding is a prohibition 'relating to reckless operation' of a motor vehicle within the meaning of Section 4507.34, * * * and authorizes suspension of a driver's license.''

In *Akron* v. *Willingham,* the Court of Appeals took the same position which the Common Pleas Court has taken in the instant case. The Court of Appeals then certified its judgment as being in conflict with the judgment of the Court of Appeals of another district as rendered in the case of *State* v. *Joiner,* 77 Ohio App. 298.

In the opinion reversing the Court of Appeals in *Akron* v. *Willingham,* 166 Ohio St. 337, on page 338, the Supreme Court stated:

''By Section 6296-30, General Code (now Section 4507.-34, Revised Code), all courts of record are empowered to suspend drivers' licenses for not exceeding one year upon conviction of the violation of laws and ordinances relating to reckless driving. See *State* v. *Joiner, supra.''*

In the last paragraph of *State* v. *Joiner,* 77 Ohio App. 298, the Court of Appeals stated:

''Certainly the power to suspend for speeding has relation to reckless operation and, if so, the power to enforce the suspension has equal relevancy.''

The reference of the Common Pleas Court in its opinion to a situation where a person is driving 71 miles per

hour in a 70-mile zone is irrelevant because that is not the fact of the instant case, and the statement of the Common Pleas Court that the matter of a violation of the speed-regulation provisions of Section 4511.21, Revised Code, is a question of fact in each individual case is correct as applicable to a case where a plea of "not guilty" is entered; but the defendant in the instant case, by pleading guilty, has admitted the violation.

It is our finding that the holding of the Supreme Court in the case of *Akron* v. *Willingham*, 166 Ohio St. 337, is *stare decisis* upon the issue as presented in the instant case as to the authority of the Municipal Court of the city of Ashland, a court of record, to suspend the defendant's driver's license under authority of Section 4507.34, Revised Code, after the defendant entered a plea of guilty to a violation of the speed-regulation provisions of Section 45-11.21, Revised Code.

The Common Pleas Court has cited the case of *State* v. *Meyers*, 56 Ohio St. 340, which holds, in the first paragraph of the syllabus:

"A statute *defining a crime or offense* cannot be extended, by construction, to persons or things not within its descriptive terms, though they appear to be within the reason and spirit of the statute." (Emphasis added.)

Also, see *Groenland* v. *State*, 6 O. D. 313, 4 N. P. 122 (affirmed in *State* v. *Groenland*, 57 Ohio St. 653), where it is said:

"1. The information or indictment charging a person with commission of a crime must state the charge of the crime with certainty and precision, and set out the facts which constitute the same, so as to advise the accused what he may expect to meet on the trial. This is a constitutional right and cannot be dispensed with by legislative authority."

The foregoing cases relate to charges of crime, *i. e.,* to charges founded on criminal statutes. We know, however, of no case which has held that the affidavit, information or indictment which charges a crime must set out the penalty which will follow in the event of conviction. Further,

Section 4507.34, Revised Code, must be distinguished, because it is not a criminal statute. Section 4507.34 makes no provision for either a fine or imprisonment but provides only that a court of record has discretionary power to suspend the license to operate a motor vehicle—*i. e.,* the privilege—of one convicted or pleading guilty of operating a motor vehicle in violation of laws or ordinances relating to reckless operation.

A license to operate a motor vehicle is a privilege and not a property right. The state has the right under its sovereign power to control automobile traffic by reasonable regulations of the circumstances under which its citizens may be licensed to operate a motor vehicle and to adopt appropriate provisions to insure competence and care on the part of the licensees, to protect others using the highways; and any appropriate means adopted does not deny to a person subject to its provisions any constitutional rights under the Constitution of the United States or the state of Ohio. See *Wilsch* v. *Bencar,* 7 Ohio App. 2d 165; *Paduchick* v. *Mikoff,* 64 Ohio Law Abs 150. Also, see, *Solomon* v. *Liquor Control Comm.,* 4 Ohio St. 2d 31, relating to a different type of license, but wherein the matter for determination was the suspension or revocation of a permit.

The appellee, plaintiff below, has applied for leave to file an additional memorandum pertaining to the case of *Cincinnati* v. *Bossert Machine Co.,* 14 Ohio App. 2d 35. That application is overruled. That case pertains to property rights as distinguished from the regulation of that which is a privilege.

We find that the judgment rendered by the Common Pleas Court based upon the holding as specified in its journal entry, *supra,* that the Municipal Court of Ashland was without power to suspend the driver's license of the defendant, is contrary to law. See *Akron* v. *Willingham,* 166 Ohio St. 337. The judgment of the Common Pleas Court rendered upon a finding of lack of authority of the Municipal Court to suspend the defendant's driver's license following his plea of ''guilty'' of violation of the speed-regu-

lation provisions of Section 4511.21, Revised Code, is reversed.

There were other claimed errors relating solely to the defendant's rights and the court's duties upon arraignment and prior to imposition of sentence.

As appears from the journal entry, the judgment of the Common Pleas Court was based upon lack of authority of the Municipal Court, and no determination was made of the other claimed errors which pertain not to the court's authority but to whether there was error in the manner in which such authority was exercised upon arraignment and sentence. This cause is remanded to the Common Pleas Court for that purpose, and this court does not pass upon these other claims of error at this time.

*Judgment reversed and cause remanded.*

McLAUGHLIN, P. J., and VAN NOSTRAN, J., concur.