In re Appropriation by the State et al.

314

Probate Court of Cuyahoga County.

BARTUNEK, J. This matter comes before the court upon a motion filed by the director of highways seeking to dismiss the petition of appeal of the landowners for the reason that the said appeal was not timely filed pursuant to Section 5519.02, Revised Code.

The undisputed facts divulge that the director of highways filed his resolution and finding in this court on March 8, 1968, along with the appropriate precipe requesting the court to notify the landowners and other persons in interest. On March 9, 1968, the sheriff's office personally served Mrs. Freda Meinert and obtained residence service on Walter E. Meinert, the landowners herein.

Shortly thereafter, the Meinerts consulted their attorney, James V. Stanton, and requested him to take appropriate action to appeal from the finding of the highway director by causing a jury to be impaneled to determine the just compensation due to them for this taking of their property.

On or about March 11, 1968, Mr. Stanton instructed a young attorney in his office to do all things necessary to perfect the Meinert's appeal. This young attorney, however, who had been in the practice of law for less than two weeks at the time, allowed the matter to become delayed and through inexperience permitted time to pass so that the petition setting forth the Meinert's intention to appeal was not filed until April 16, 1968, six days after the thirty day period of limitation for filing set by Section 5519.02, Revised Code, had expired.

The highway director, then, on May 7, 1968, filed the instant action, contending that Section 5519.02, Revised Code, is mandatory and jurisdictional, and the failure of the landowners to file a timely appeal is a waiver of their right to appeal and constitutes an acceptance of the finding by the highway director.

The landowners, however, claim that they have a state

constitutional right to have a jury assess the compensation due to them; that they are being deprived of their federal constitutional rights to be accorded due process of law; and that the failure to file a timely appeal was not their fault, but that of their inexperienced attorney.

Therefore, the questions presented herein are:

1. Does the landowner have a state constitutional right to have a jury assess the compensation due to him for a taking of his property under authority of Chapter 5519 of the Ohio Revised Code, even though the landowner fails to comply with provisions of Section 5519.02, Revised Code, requiring a petition setting forth the landowner's intention to appeal within thirty days after service?

2. Does this requirement of filing a petition setting forth the intention to appeal within thirty days after service so violate the landowner's rights so as to render Section 5519.02, Revised Code, unconstitutional bcause it deprives the landowner of due process of law?

3. Can an attorney's negligence be imputed to his client when he fails to file a statutory pleading within the time limit set by law, thereby depriving the client of his rights to have the compensation due to him for the taking of his property assessed by a jury?

The right to a jury trial in an eminent domain proceeding is guaranteed in this state by Section 19 of Article I of the Ohio Constitution which is as follows:

"Private property shall ever be held inviolate, but subservient to the public welfare. When taken in time of war or other public exigency, imperatively requiring its immediate seizure or for the purpose of making or repairing roads, which shall be opened to the public, without charge, a compensation shall be made to the owner, in money: and in all other cases, where private property shall be taken for public use, a compensation therefor shall first be made in money, or first secured by a deposit of money; and such compensation shall be assesed by a jury, without deduction for benefits to any property of the owner."

Pursuant to this constitutional section, the Ohio Legislature has enacted various statutes which set forth the

procedure to be followed to gain that right of a jury trial, and Section 5519.02, Revised Code, which we are concerned with herein, is, in part, as follows:

"If any owner of property appropriated by the director of highways is not satisfied with the amount of money as fixed by the director, such owner may, within thirty days after the service of said notice * * * file a written petition * * * in the court, setting forth an intention to appeal from the amount so fixed * * *"

The above section and its predecessor statutes have been considered by the courts a number of times throughout the years and have consistently been found to be mandatory and jurisdictional. See *Reckner* v. *Warner,* 22 Ohio St. 275; *Director of Highways* v. *Long,* 168 Ohio St. 517; *Re Appropriation of Easement for Highway Purposes,* 172 Ohio St. 338; and *Masheter* v. *Huysman,* 177 Ohio St. 118.

Therefore, it is clear that Section 5519.02, Revised Code, is mandatory and jurisdictional and does afford the landowner his right to a jury trial; providing that the landowner makes a timely demand, and a failure to make such a demand is deemed to constitute a waiver of his right to a jury trial.

To hold otherwise, in this court's opinion, would lead to an impossible situation, unnecessarily clog the court's calendar, and place the chain of title to any property ever touched by eminent domain proceedings without the intervention of a jury trial forever in doubt.

In favor of its contention that a jury trial must be afforded to the landowner under any condition, the property owners cite the case of *Cincinnati* v. *Bossert Machine Co.,* 14 Ohio App. 2d 35, a recent decision of the Hamilton County Court of Appeals which holds:

"1. The provisions of Section 163.08, Revised Code (131 Ohio Laws 183), that no extension of time for filing of an answer by a property owner to a petition for the appropriation of such owner's property by a public agency shall be granted, is an unconstitutional usurpation of the judicial right to rule on an application to extend the time of pleading and violates due process of law.

"2. The provision of Section 163.09 (A), Revised

Code (131 Ohio Laws 184), permitting the court, in certain instances to fix the value of the property taken and the damages to be as set forth in the petition of such public agency, violates Section 19 of Article I of the Constitution and is void.''

This court does not feel that the *Bossert case* applies to the matter herein considered for the reason that it applies to another section of the Ohio Revised Code which specifically denies the court's authority to grant an extension of time in a similar statute of jurisdiction. But the issue here is not a denial of the court's right to extend the time, but rather an utter failure by the landowner to timely file his petition of intention to appeal.

What about the ''due process'' amendment to United States Constitution. Indeed, it is a very awesome power that is granted to the highway director to take an individual's property and to determine, ex parte, the value of that property, if the owner does not make a timely appeal. Is this power, within the time limitations set forth in Section 5519.02, Revised Code, so plenary and so unjust so as to bring the powers of the United States Constitution into force upon this statute of Ohio law?

Although the Fifth Amendment to the United States Constitution has been cited by some in respect to this ''due process'' problem, it has been held that that section is a limitation which operates solely upon the national government and need not be considered in determining the constitutionality of a state statute (*Quinby* v. *Cleveland*, 191 F. 68). The Fourteenth Amendment to the United States Constitution which more correctly pertains here is as follows:

''All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.''

In considering this part of the United States Constitution, *Caldwell* v. *Carthage*, 49 Ohio St. 334, said:

"Due process of law implies a due course of legal proceedings, according to those rules and forms which have been established for the protection of private rights."

*State ex rel. Yaple*, v. *Creamer*, 85 Ohio St. 349, has said:

Due process of law is said to mean the right to be protected in life and liberty and in the acquisition of property, under equal and impartial laws which govern the whole community.

Certainly, under these definitions no claim can be made that the landowners were denied due process of law. Chapter 5519, Revised Code, surely sets forth the procedure in eminent domain action by the state and there is no question that these procedures apply equally and impartially to all persons and present a course of legal conduct which is clear to all.

And these procedures are further commented upon the jury trial section of eminent domain text found in the American Law Reports Series (12 A. L. R. 3d 7):

"Generally, trial by jury in eminent domain proceedings is not guaranteed by the federal or state constitutions. Nor was there any right to a jury trial in eminent domain proceedings at common law. Consequently, the respective legislatures and the courts may impose such procedural requirements as they see fit upon a litigant in eminent domain proceedings, may require a demand or a request for a jury, and may provide for the waiver of a jury trial. Accordingly, the procedure for obtaining a jury is largely a matter of complying with the applicable statutes, ordinances, and court rules in the different jurisdictions.

"* * *

"In the procedure thus briefly outlined (above), it is usually held that a party may obtain a jury trial only upon a timely, sufficient demand * * *

"With respect to the requirement that the demand for a jury be timely, it may be noted that statutes usually establish the time for making the demand and the event from

which such time is to be computed * * * The proposition that a jury trial may be had only on a timely, sufficient demand is often stated in the converse, that is, that the failure to make a timely demand constitutes a waiver of a jury trial."

Therefore, in this court's opinion, there cannot be any claim of denial of "due process of law" to the landowners in this case insofar as their rights are delineated by Chapter 5519, Revised Code, and more particularly as set forth in Section 5519.02, Revised Code.

Negligence of their attorney is another excuse proffered by the landowners in their attempt to have the court forgive the six day tardiness in filing their petition of notice of appeal and to now afford them the opportunity of a jury trial. They say, and the attorneys freely admit, that they (the landowners) acted with dispatch and diligence when they turned over their problem, within hours of service upon them, to the attorney in whom they had faith and confidence. This attorney agreed to take their case, and they left him secure in the belief that their interests would be well protected.

This attorney then turned the matter over to a fledgling attorney in his office with instructions to file a timely appeal since the appellants were not satisfied with the offer of the state of Ohio. That fledgling attorney allowed the matter to become delayed and "through inexperience permitted time to pass so that the answer in the said matter was not filed until April 16, 1968 or six days after the thirty day period set forth in the statute had expired."

Until recently, however, this negligence of the attorney would be directly imputed to the client, thus barring these landowners forever from having a jury assess the value of their property taken by the state.

In commenting upon the problems of the negligence or incompetency of an attorney, it is set forth in 7 American Jurisprudence 2d 116:

"Professional negligence, unskillfulness, or incompetency of counsel is imputed to his client, who is bound thereby, under the rule that the acts and omissions of an

320

attorney acting within the scope of his authority are regarded as the acts of the person he represents. Thus, the court will not in most situations relieve a party against the fault or negligence of his attorney. This is particularly true if the client is also negligent and, by diligence, he might have avoided the consequences of his attorney's negligence. The rule applies in criminal, as well as in civil, cases.''

However, as in most general rules of law, there are exceptions to these principles laid down above. *Reckner* v. *Warner*, 22 Ohio St. 275, as early as 1872, stated:

''Relief in equity, by restraining the appropriation of private property for a public road under said statutes, will not be granted on the ground that compensation therefor has not been paid to the owner in money, in a case where the owner, having actual notice of the proceedings in which the property is sought to be taken, and of the time and place of the view, neglected or failed to present his application for compensation, in writing, to the viewers, and where it is not shown that the default was occasioned by inevitable casualty, or by other circumstances against which reasonable precaution could not have provided.''

More recently, in the state of California, in the case of *People* v. *Ibarra* (1963), 386 P. 2d 487, the court held that an attorney's lack of diligence or competence reduced a criminal trial to a sham or farce, thus denying the defendant his right to effective aid in the preparation and trial of his case and hence ordered a new trial for him. *

In Ohio, the Cuyahoga County Court of Appeals, in 1965 in the case of *Andring* v. *Andring*, 3 Ohio App. 2d 417, in an unanimous opinion, held:

''1. Where a party is sued for alimony and, after summons being served upon him, he retains counsel. answer and cross-petition for divorce are filed on his behalf, proceedings are held in the domestic relations department of the court, hearings are had on motions for temporary support, and subsequently his attorney fails to notify him of a pretrial hearing and later of the trial of the case because of the negligence of the attorney in failing to note such

latter proceedings in the official court publication and an alimony judgment is rendered against the client, there being no neglect on his part, under such facts the attorney's negligence is not imputable to the party and the party has met with an unavoidable casualty or misfortune preventing him from defending and prosecuting under Section 2325.01, Revised Code.

"2. Negligence of an attorney may be imputed to the client when by the exercise of care on the client's part he would have avoided the consequences of his attorney's negligence, but the client may be held excusable for relying upon the diligence of counsel where it clearly appears that the client himself has not been neglectful and has given all proper attention to the litigation."

In commenting on its decision, the court said, on page 422:

"It is our decision that under such facts [as stated above] defendant has met with an unavoidable casualty or misfortune preventing him from both defending and prosecuting and that he should be accorded his day in court."

And certainly such is the situation in the instant case. The landowners promptly did everything that they could do to obtain their day in court by turning their case over to a respected attorney. This attorney, in turn, delegated the matter to a fledgling attorney who somehow was incapable of understanding the need to make a timely filing of the petition setting forth the intention to appeal.

Certainly this was "unavoidable misfortune" suffered by the landowners which cannot now be used so as to deny them their right to have a jury assess the amount of just compensation due to them for this taking of their property.

Therefore, the motion of the director of highways to dismiss the petition of the Meinerts in setting forth their intention to appeal from the resolution and finding is denied and the matter is hereby ordered to be set for preliminary hearing pursuant to law.