[Cite as *State v. Campbell*, 2012-Ohio-1738.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96628**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LOUIS CAMPBELL, II

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-538673

**BEFORE:** Cooney, J., Celebrezze, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** April 19, 2012

**FOR APPELLANT**

Louis Campbell, II, pro se
Inmate #600-748
Marion Correctional Institution
P.O. Box 57
Marion, OH 43301


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Melissa Riley
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

COLLEEN CONWAY COONEY, J.:

**{¶1}** Defendant-appellant, Louis Campbell ("Campbell"), pro se, appeals his convictions for robbery, having a weapon under disability, carrying a concealed weapon, and resisting arrest. Finding no merit to the appeal, we affirm.

**{¶2}** In June 2010, Campbell was indicted for robbery with prior conviction and repeat violent offender specifications, having a weapon under disability, carrying a concealed weapon, and resisting arrest. He waived his right to counsel and represented himself at trial. The first trial resulted in a hung jury in November 2010. The case was reheard in March 2011. Two neighbors of the victim testified they saw Campbell strike the victim in the head and go through his pockets. Police arrested Campbell at the scene and discovered a handgun in his bag. Campbell was found guilty of all the charges and was sentenced to four years in prison.

**{¶3}** Campbell now appeals, raising eight assignments of error.

**{¶4}** As a threshold matter, this court struck Campbell's original brief for failure to comply with the appellate rules. He submitted a "revised" brief. However, we find this brief convoluted at best. Despite a thorough review, we are unable to decipher his arguments or make sense of his assignments of error.

**{¶5}** Pursuant to App.R. 16(A)(7), the appellant is required to include in his brief:

[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

{¶6} The appellant must set forth an argument in support of an assignment of error or it will be overruled. App.R. 12(A)(2). *See Hawley v. Ritley*, 35 Ohio St.3d 157, 159, 519 N.E.2d 390 (1988).

> It is not the duty of an appellate court * * * to support an appellant's argument as to any alleged error. *State v. McGuire* (Apr. 15, 1996), Preble App. No. CA95-01-001, unreported, at 40, 1996 WL 174609, affirmed (1997), 80 Ohio St.3d 390, 686 N.E.2d 1112. "An appellate court is not a performing bear, required to dance to each and every tune played on an appeal." *Id.*, following *State v. Lorraine* (Feb. 23, 1996), Trumbull App. No. 95-T-5196, unreported, at 9, 1996 WL 207676. *State v. Watson*, 126 Ohio App.3d 316, 321, 710 N.E.2d 340 (12th Dist.1998).

{¶7} Thus, we find that Campbell has failed to adequately set forth an argument in support of his eight assignments of error.

{¶8} Accordingly, Campbell's assignments of error will not be addressed because they fail to comply with App.R. 16(A)(7). App.R. 12(A)(2).

{¶9} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

FRANK D. CELEBREZZE, JR., P.J., CONCURS;
EILEEN A. GALLAGHER, J., CONCURS IN JUDGMENT ONLY