[Cite as *E. Cleveland v. Goolsby*, 2012-Ohio-5742.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No.   98220

## CITY OF EAST CLEVELAND

### PLAINTIFF-APPELLEE

### vs.

## DONALD GOOLSBY

### DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
East Cleveland Municipal Court
Case No. 11-TRD-05330

**BEFORE:**     Jones, P.J., E. Gallagher, J., and Cooney, J.

**RELEASED AND JOURNALIZED:**     December 6, 2012
**FOR APPELLANT**

Donald Goolsby, pro se
683 Azalea Drive
South Euclid, Ohio   44143

**ATTORNEYS FOR APPELLEE**

Ronald K. Riley
Director of Law

Michael Winston
Prosecutor
City of East Cleveland
14340 Euclid Avenue
East Cleveland, Ohio   44112

## PER CURIAM:

{¶1}  Defendant-appellant, Donald Goolsby, appeals his convictions for driving without complying with license reinstatement requirements and a violation of maximum speed limits entered in East Cleveland Municipal Court.  For the following reasons, we affirm.

{¶2}  The record reflects that appellant pled no contest to violations of East Cleveland Municipal Code 335.07, driving under suspension, revocation or restriction and 333.03, maximum speed limits.[1]  On August 29, 2012, the trial court entered a judgment

---

[1]The trial court record is convoluted in that the record before us reflects an entry of a no-contest plea by appellant in one document and in another document, the "Trial Judgment Entry" there is reference to a plea of not guilty by the appellant, the presence of both state and defense witnesses and a finding, by the court, of guilty.  This court remanded the record to the trial court for a clarifying journal entry that the trial court issued on August 29, 2012.  That judgment entry

entry imposing a $305 fine with $205 suspended on the license offense and $80 for the speeding offense. The court also ordered payment of court costs.

{¶3} Appellant asserts 11 separate assignments of error. However, many of the assignments are similar or do not allege cognizable legal errors. A significant portion of appellant's brief is nonsensical, sampling indiscriminately from criminal, corporate, secured transactions, admiralty and contract law. Other assignments of error are unsupported by any legal argument and are rambling statements. The sole, discernable argument presented by appellant is found within his sixth assignment of error in support of which appellant argues that every citizen is imbued with a constitutional right to drive, with or without a license, and any state law or municipal ordinance limiting such right is unconstitutional and a violation of appellant's rights.

{¶4} Consistent with the preceding paragraph, we are compelled to note that portions of appellant's brief are in violation of the Ohio Rules of Appellate Procedure and we will not consider them. App.R. 16(A) states:

> The appellant shall include in its brief, under the headings and in the order indicated, all of the following:
>
> * * *
>
> (7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on

---

reflects a no-contest plea by the appellant.

which appellant relies. The argument may be preceded by a summary.

{¶5} Although ostensibly asserting 11 assignments of error, appellant presents no cognizable arguments beyond his argument that he possesses a constitutional right to operate his motor vehicle on the roadways of the city of East Cleveland as he pleases without any form of government regulation. We address this argument but decline to construct arguments for appellant in regards to his other assignments of error and, therefore, dismiss them pursuant to App.R. 16(A) and App.R. 12(A)(2). *State v. Campbell*, 8th Dist. No. 96628, 2012-Ohio-1738, ¶ 6, citing *Hawley v. Ritley*, 35 Ohio St.3d 157, 159, 519 N.E.2d 390 (8th Dist.1988).

{¶6} With respect to appellant's constitutional argument, it is well established under Ohio law that driving is a privilege, not a guaranteed property right. *See Doyle v. Ohio Bur. of Motor Vehicles*, 51 Ohio St.3d 46, 51, 554 N.E.2d 97 (12th Dist.1990), citing *State v. Newkirk*, 21 Ohio App.2d 160, 165, 255 N.E.2d 851 (5th Dist. 1968); *Neuger v. McCullion*, 8th Dist. No. 58282, 1991 Ohio App. LEXIS 1184 (Mar. 21, 1991).

{¶7} The court in *Newkirk* explained:

The state has the right under its sovereign power to control automobile traffic by reasonable regulations of the circumstances under which its citizens may be licensed to operate a motor vehicle and to adopt appropriate provisions to insure competence and care on the part of licensees, to protect others using highways; and any appropriate means adopted does not deny to a person subject to its provisions any constitutional rights under the Constitution of the United States or the state of Ohio.

*Newkirk* at 165.

**{¶8}** To this end, R.C. 4511.07 authorizes local authorities to "regulat[e] the speed of vehicles" on the streets and highways under their jurisdiction. Appellant offers no argument challenging the language of the specific ordinances at issue but rather asserts a generic constitutional argument that is plainly contradictory to established Ohio law. We find his position to be without merit and overrule his assignment of error.

**{¶9}** For the reasons stated in this per curiam opinion, the judgment of the municipal court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., PRESIDING JUDGE

_____

EILEEN A. GALLAGHER, J.


_____

COLLEEN CONWAY COONEY, J.