WILSCH, REGISTRAR, BUREAU OF MOTOR VEHICLES, ET AL.,
APPELLANTS, v. BENCAR, APPELLEE.

[Cite as Wilsch v. Bencar, 7 Ohio App. 2d 165.]

(No. 801—Decided August 16, 1966.)

Mr. William B. Saxbe, attorney general, and Mr. Lawrence H. Braun, for appellants.

Mr. Edward R. Ostrander, for appellee.

LYNCH, J. Appellants revoked the driver license of appellee by letter dated May 22, 1964, for five traffic law convictions occurring within a two-year period, pursuant to Section 4507.162, Revised Code.

Section 4507.162, Revised Code, became effective on September 27, 1963. Appellee became eighteen (18) years of age on June 6, 1963, and obtained an operator's license on June 8, 1963, which license is the one at issue in this case.

Appellee requested an administrative hearing pursuant to Section 119.07, Revised Code, with the Registrar of Motor Vehicles. At this hearing, which was held on July 9, 1964, appellee presented two grounds for appeal. The first was that four out of the five traffic law convictions at issue in this case occurred prior to the effective date of Section 4507.162, Revised Code. The second was that appellee, at the time of the revocation, was not the holder of a probationary license but was the holder of an operator's license.

On October 22, 1964, the Registrar sustained the previous order revoking appellee's driver license, and appellee appealed to the Common Pleas Court pursuant to Section 119.12, Revised Code. The trial court considered the same two arguments as appellee had presented at the administrative hearing and, in its opinion, held that the traffic law convictions which took place before the effective date of Section 4507.162, Revised Code, could be added to those after that date. With regard to appellee's second claim, the court held that the license held by appellee, having been issued before the effective date of Sections 4507.01 (as amended) and 4507.162, Revised Code, was an "operator's license" and not a "probationary license," and that the order of revocation by the registrar should be voided because it was not in accordance with the law. A journal entry to this effect was filed. It is from this order of the court that appellants are appealing.

Appellee did not cross-appeal the holding of the trial court that the traffic law convictions which occurred before the effective date of Section 4507.162, Revised Code, could be added to those after said date, and apparently this is not at issue on this appeal. However, to remove any question on this point, we agree with the trial court's holding on this issue.

The trial court held that there was some ambiguity in the intention of the Legislature in the application of these statutes to a situation that is presented in this case, and it resolved this ambiguity in favor of appellee.

The pertinent part of Section 4507.162, Revised Code, is as follows:

"The registrar of motor vehicles shall revoke the * * * probationary operator's license * * * issued to any person when such person has, before reaching his twenty-first birthday, been convicted of or pleaded guilty to in any court of competent jurisdiction, * * * having committed three separate violations in any two-year period * * *."

Section 4507.01, Revised Code, as amended effective September 27, 1963, provides in part as follows:

" 'Operator's License' means the license issued to any person to operate a motor vehicle * * * including 'probationary license' * * *.

" 'Probationary license' means the license issued to any person between sixteen and twenty-one years of age to operate a motor vehicle."

On the date that appellee was issued an operator's license, the analogous portion of Section 4507.01, Revised Code, read as follows:

" 'Operator's License' means the license issued to any person to operate a motor vehicle * * * including 'Junior Probationary License' * * *.

" 'Junior Probationary License' means the license issued to any person between sixteen and eighteen years of age to operate a motor vehicle."

Section 4507.08, Revised Code, as amended reads, in part, as follows:

"* * * No operator's license shall be issued to any person under twenty-one years of age, except a probationary license which may be issued to a person over sixteen years of age * * *."

It is well settled that a license to operate a motor vehicle is a privilege and not a property right. *Smith* v. *Hayes,* 73 Ohio Law Abs. 33; *Paduchik* v. *Mikoff,* 64 Ohio Law Abs. 150.

In *Sleeper* v. *Woodmansee,* 11 Cal. App. 2d 595, at 599, 54 P. 2d 519, the court said:

"* * * The operator's license does not confer a vested right. The license is a mere privilege to drive a motor vehicle, which is subject to revocation for the reasons and in the manner pro-

vided by law. Both the regulation of a motor vehicle driver and the liability for violation thereof are subject to the changes of the law. * * *.''

It is clear that the Legislature could change the law on issuing driver licenses, and it is equally clear that if appellee had been issued a probationary license after September 27, 1963, Section 4507.162, Revised Code, would be applicable to him. The question is whether the fact that he held an operator's license issued prior to the effective day of Section 4507.162, Revised Code, removes him from the effects of this statute.

Section 4507.02, Revised Code, requires every person who drives a motor vehicle in this state to have a driver license issued under Section 4507.01 to 4507.39, inclusive, of the Revised Code. After September 27, 1963, the only driver license for which appellee could qualify was a probationary license.

We hold that the issuance of a driver license conveys no greater authority than the statute or statutes authorizing the issuance of such license. When such statute or statutes authorizing the issuance of a driver license are amended, the effect would be to also amend the privilege to operate a motor vehicle as evidenced by a driver license.

We hold that Sections 4507.01 (as amended), 4507.08 (as amended) and 4507.162, Revised Code, are clearly applicable to any person under twenty-one years of age who was issued an operator's license prior to the effective date of these statutes. Therefore, the trial court was in error in vacating the order of the registrar which revoked appellee's driver license.

The order of the Registrar of the Bureau of Motor Vehicles revoking the driver's license of appellee is sustained.

*Judgment reversed.*

Johnson, P. J., and Jones, J., concur.