THE STATE OF OHIO, APPELLEE, *v.* JOHNSON, APPELLANT.

[Cite as State v. Johnson (1971), 27 Ohio App. 2d 129.]

(No. 6951—Decided June 30, 1971.)

*Mr. William W. Erb,* for appellee.
*Mr. Jerold L. Frye,* for appellant.

POTTER, P. J. This is an appeal from the Sylvania Municipal Court. Defendant was charged with the violation of R. C. 4513.02, operating an unsafe vehicle. Defendant, while represented by counsel, withdrew his plea of not guilty and entered a plea of guilty. The court, on the plea, sentenced the defendant to pay a fine of $25 and further held that the offense was related to the reckless operation of a motor vehicle. It, pursuant to R. C. 4507.34, suspended the defendant's driver's license for sixty days.

The defendant, in this appeal, challenges the authority of the court to suspend his driver's license and claims that the judgment is contrary to law. Defendant also argues surprise and complains that the court erred in not apprising the accused of the offense for which he was found guilty.

The applicable part of R. C. 4513.02 is as follows:

"No person shall drive or move, or cause or knowingly permit to be driven or moved, on any highway any vehicle or combination of vehicles which is in such unsafe condition as to endanger any person."

R. C. 4507.34 is set forth below.

"Whenever a person is found guilty under the laws of this state or any ordinance of any political subdivision thereof, of operating a motor vehicle in violation of such laws or ordinances, relating to reckless operation, the trial court of any court of record may, in addition to or independent of all other penalties provided by law, suspend for any period of time or revoke the license to drive of any person so convicted or pleading guilty to such offenses for such period as it determines, not to exceed one year."

R. C. 4507.34 is found in the chapter of the code entitled "Driver's License Law," R. C. 4513.02 in the chapter pertaining to "Traffic Laws—Equipment; Loads," and R. C. 4511.20,* the reckless operation of vehicles, is found in the chapter entitled "Traffic Laws—Operation."

---

*No person shall operate a vehicle, trackless trolley, or streetcar on any street or highway without due regard for the safety of persons or property.

We have found no case which relates R. C. 4507.34 to R. C. 4513.02. However, the reasoning in the following cases is applicable. In the case of *Akron* v. *Willingham* (1957), 166 Ohio St. 337, the court held that the defendant's plea of guilty to a charge of unlawfully operating a motor vehicle at the rate of 60 miles per hour in a 25 mile zone was an admission that he was driving without due regard for the rights of others as proscribed by R. C. 4511.20 and, therefore, an ordinance prohibiting speeding is a prohibition relating to the reckless operation within the meaning of R. C. 4507.34. See, also, *State* v. *Joiner*, 77 Ohio App. 298.

The case of *State* v. *Newkirk*, 21 Ohio App. 2d 160, although pertaining to a charge under R. C. 4511.21, speeding, is pertinent. No violation of R. C. 4511.20 was charged in the affidavit, and the defendant, there, as here, claimed that he was denied due process by not being informed before the plea that his driver's license was in danger. That court noted that R. C. 4507.34 makes no provision for either a fine or imprisonment and is not a criminal statute. The right to operate a vehicle is a privilege, and the state has the right to control automobile traffic by reasonable regulation (see *State* v. *Newkirk, supra* and the holdings in *State* v. *Starnes* (1970), 21 Ohio St. 2d 38, and *Hoban* v. *Rice* (1971), 25 Ohio St. 2d 111).

In the instant case, the defendant operated his 1956 Ford pick-up truck at 6:05 p. m., on December 27 on wet pavement without windshield wipers, with the right headlight out. The front fender was held on by a chain and, among other deficiencies, the rear fenders were missing. He admitted by his plea of guilty that he drove a vehicle in such an unsafe condition as to endanger any person or, in effect, without due regard (see *Akron* v. *Willingham,* 166 Ohio St. 337). An injury accident is not a prerequisite. *State* v. *Wells* (1945), 146 Ohio St. 131. We, therefore, find under the circumstances, defendant's admitted violation of R. C. 4513.02 was related to the reckless operation of a motor vehicle within the meaning of R. C. 4507.34 and the suspension of his license was authorized. Assignments of error

are not well taken and the judgment of the Sylvania Municipal Court is affirmed.

*Judgment affirmed.*

BROWN and WILEY, JJ., concur.