DEPARTMENT OF REVENUE AND TAXATION, MOTOR VEHICLE DIVISION, Appellant (Defendant below),

v.

James I. SHIPLEY, Appellee (Plaintiff below).

No. 4885.

Supreme Court of Wyoming.

May 24, 1978.

V. Frank Mendicino, Atty. Gen., and James D. Douglass, Senior Asst. Atty. Gen., Cheyenne, for appellant.

R. Patrick Dixon, of Murane & Bostwick, Casper, for appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

ROSE, Justice.

This appeal concerns administrative proceedings relative to the suspension of driving privileges following a conviction for driving while under the influence of intoxicating liquor. Appellee pleaded guilty and was convicted of the aforementioned offense on March 24, 1977, after being charged through a citation with a violation of § 31–129, W.S.1957, C.1967, 1975 Cum. Supp. [§ 31–5–233, W.S.1977].[1] Subsequent to his conviction, appellee-Shipley received an Order of Suspension from the appellant-Department of Revenue and Taxation, indicating that his driving privileges were to be suspended for a period of ninety (90) days, in accordance with § 31–276.26, W.S.1957, C.1967, 1975 Cum.Supp. [§ 31–7–127, W.S. 1977].[2] The Order was dated and mailed on

---

1. Section 31–129 provides in pertinent part:
 "(a) It is unlawful and punishable as provided in subsection (d) of this section for any person who is under the influence of intoxicating liquor, to a degree which renders him incapable of safely driving a motor vehicle, to drive any vehicle within this state.
 \* \* \* \* \* \*
 "(d) Every person convicted of violating this section shall be deemed guilty of a misdemeanor and shall be punished by a fine of not more than $100 or by imprisonment for not more than 30 days or by both such fine and imprisonment. On a second or subsequent conviction he shall be punished by imprisonment for not more than 60 days, and, in the discretion of the court, a fine of not more than $200.00.
 "(e) Every person convicted under this section shall, in addition to the penalty above provided, have his driver's license suspended by the motor vehicle division of the Wyoming tax commission for a period of 30 days for the first offense, and upon conviction of a second offense, shall have his driver's license suspended by the motor vehicle division of the Wyoming tax commission for a period of 120 days, and for a third or subsequent conviction shall have his driver's license revoked by the motor vehicle division of the Wyoming tax commission for a period of one year."

2. Section 31 276.26 provides in pertinent part:
 "(a) The division shall suspend or revoke the license of any driver, for a period of 90 days for the first offense, six months for the second offense, and 12 months for the third offense upon receiving a record of the driver's conviction of any of the following offenses:
 "(i) Driving or being in actual physical control of a motor vehicle while under the influence of intoxicating liquor;
 \* \* \* \* \* \*
 "(c) Before suspending or revoking the license or driving privilege of any person as authorized by this section, the division shall immediately notify the licensee in writing and upon his request shall afford him an opportunity for a hearing as early as practicable within 20 days after receipt of the request at a time and place specified by the division. Upon the hearing, the motor vehicle director or his duly authorized agent may administer oaths and may issue subpoenas for the attendance of witnesses and the production of relevant books and papers in accordance with the Wyoming Administrative Procedure Act [§§ 9–276.19 to 9–276.33] and may require a reexamination of the licensee. Upon hearing, the division shall either rescind its order of suspension or, good cause appearing therefor, may continue, modify or extend the suspension of the license or revoke the license."

April 7, 1977, but appellee stated that he did not receive it until April 9. On April 28, 1977, Mr. Shipley requested an administrative hearing on his suspension, which request was denied as being untimely under Section 13 of the Rules of appellant relating to drivers' licenses.[3] Appellee thereafter filed a petition for judicial review, seeking a reversal of the hearing-denial and a reduction of the suspension period. The trial court granted the relief requested. We will reverse the trial court's determination that a thirty (30)-day suspension was the proper statutory sanction, but we will affirm the trial court's order to the extent that it provided that appellee should be allowed an administrative hearing.

Appellant-Department of Revenue and Taxation raises the following contentions in support of its view that the trial court should be reversed in all respects:

1. "The trial court erred in reversing the ninety-day suspension period imposed by W.S. 31–276.26 and substituting the thirty-day suspension period pursuant to W.S. 31–129."

2. "The trial court erred in holding that appellee was entitled to an administrative hearing."

In response, appellee-Shipley raises a related third issue, asserting that a suspension under the ninety-day provision, § 31–276.26, would violate the due-process notice requirements.

## PROPER PERIOD OF SUSPENSION

■■ The first issue, having to do with which period of suspension is proper, calls up the question as to whether the thirty-day suspension period provided by § 31 · 129(e), was repealed by implication through the enactment of § 31–276.26. As recently stated by this court, statutory repeals by

implication are not favored, but they will be declared and enforced where the statutes in question are repugnant by virtue of their relating to the same subject and are directed at a distinct offense with the same object. *Bartlett v. State*, Wyo., 569 P.2d 1235, 1241. See, *Thomas v. State*, Wyo., 562 P.2d 1287. A reading of the two statutes in question reveals that they are both aimed at the suspension of driving privileges upon conviction of the criminal offense of driving while under the influence—the only difference being the imposition of different periods of suspension. They are, therefore, repugnant, leaving only the question as to which statute applies. In making that determination, we must look to see which statute was last enacted. *Thomas v. State*, supra. Further (in settling a question such as that which confronts us here), we recognize the rule that a later specific statute controls over a general statute. *Thomas v. State*, supra; and *Haines v. Territory*, 3 Wyo. 167, 13 P. 8. In this case, we may also give some weight to a Wyoming Attorney General's opinion, dated March 27, 1973, which concluded that § 31–129(e) had indeed been repealed by implication through enactment of § 31–276.26. See, *School Districts Nos. 2, 3, 6, 9 and 10 v. Cook*, Wyo., 424 P.2d 751. But, see, *Seyfang v. Board of Trustees of Washakie County School District No. 1*, Wyo., 563 P.2d 1376.

■■ A review of the legislative history of these two statutes discloses that § 31–129(e) was first enacted in 1953 (Ch. 184, § 1, W.S.L.1953), while § 31–276.26 was enacted in 1973 (Ch. 238, § 1, W.S.L.1973). Appellee-Shipley correctly notes that the provisions of § 31–129 were amended in 1973 (Ch. 22, § 1, W.S.L.1973), but those amendments—as they affected § 31–129(e)

---

**3.** Section 13 of the Rules of the Department of Revenue and Taxation relating to drivers' licenses provides:

"Section 13. *Right to Hearing*. Every person whose driver's license is to be suspended or revoked shall be notified of the right to a hearing upon the suspension or revocation before the Hearing Examiner, and the person shall have twenty (20) days from the date of notice in which to make a written request for

hearing. The request for hearing shall be made by deposit of the request in written form in the United States mail in an envelope postpaid which is duly addressed to the Motor Vehicle Division of the Department of Revenue and Taxation at 2200 Carey Avenue, Cheyenne, Wyoming 82002."

It appears that an approximate copy of this section was attached to the Order of Suspension sent to and received by the appellee.

—related only to the entity which was empowered to suspend driving privileges. It is also noted that § 31–129(c) was amended in 1975 (Ch. 67, § 1, W.S.L.1975), but again, that amendment had no relationship to the suspension of driving privileges. Even if we were to assume that the 1973 amendment constituted a re-enactment of § 31–129(e), the legislative history indicates that § 31–276.26 was adopted and approved and programmed to become effective on a date *after* the effective date for the 1973 amendment of § 31–129.[4] When two statutes, which are impossible to harmonize, are approved during the same legislative session, the statute taking the later effect is controlling. *State v. Marcus,* 34 N.M. 378, 281 P. 454, 456 (1929). Since § 31–276.26 took effect later than the amendments to § 31–129 (fn. 4, supra), we hold that the ninety-day period of suspension is the sanction which is to be imposed.

Our conclusion is buttressed by the fact that the enactment of the Driver's License Act of 1973—which included the provisions of § 31–276.26—also included a repeal of § 31–273(2)(b), W.S.1957, C.1967 (Ch. 238, § 3, W.S.L.1973). This repealed section provided for a thirty-day suspension period upon proof of a conviction for driving a motor vehicle while intoxicated. While the legislative action in this area is admittedly confusing, under the rules of law discussed above, we must give effect to § 31–276.26— it being the most recent legislative pronouncement in the area.

■ Although it was not made clear in the trial court's order, it is apparent from the comments of the court at the hearing on appellee's petition that it was primarily bothered by the fact that Mr. Shipley, the appellee, was charged and convicted under § 31–129, but his driving privileges were suspended under § 31–276.26. This concern

relates directly to appellee's contention with respect to inadequate notice. In this regard, it is important to note that § 31–129 is a criminal statute, but § 31–276.26 is not. The latter provision does not provide for a fine or imprisonment sanction but merely holds that the motor vehicle division shall suspend or revoke a driver's license upon receipt of the record of conviction for one of the enumerated offenses. When the uniform traffic citation procedure is utilized— as it was here—it is sufficient if the accused is informed of the nature of the offense with which he is charged. *Swisse v. City of Sheridan,* Wyo., 561 P.2d 712. Appellee did not contend below or on appeal that the use of a traffic citation was unauthorized or that he was not fully notified of the criminal offense with which he was charged. Rather, his complaint is grounded in the State's failure to additionally notify him of a possible ninety-day suspension under § 31–276.26. We are aware of no authority, however, and appellee cites us to none which is applicable, holding that due process requires a uniform traffic citation to set out the penalty which will follow in the event of a conviction. See, *State v. Newkirk,* 21 Ohio App.2d 160, 255 N.E.2d 851; and *State v. Johnson,* 27 Ohio App.2d 129, 272 N.E.2d 915. As stated in *State v. Newkirk,* at 255 N.E.2d 854:

"A license to operate a motor vehicle is a privilege and not a property right. The state has the right under its sovereign power to control automobile traffic by reasonable regulations of the circumstances under which its citizens may be licensed to operate a motor vehicle and to adopt appropriate provisions to insure competence and care on the part of the licensees, to protect others using the highways; and any appropriate means adopted does not deny to a person subject to its provisions any constitutional rights

4. The amendments to § 31–129 were passed by the Legislature on February 2, 1973, and approved by the governor on February 7, 1973. Since the amendatory act did not provide for an effective date, it became effective ninety days after the adjournment of the legislative session. § 8 22, W.S.1957 [§ 8-3-109, W.S. 1977]. The 1973 legislative session adjourned

on February 24, 1973 (1973 Digest—Senate and House Journals), making the act effective on May 24, 1973. On the other hand, the act containing § 31–276.26 was passed on February 24, 1973; approved on March 7, 1973; and became effective by its own terms on July 1, 1973.

under the Constitution of the United States or the state of Ohio. See *Wilsch v. Bencar*, 7 Ohio App.2d 165, 219 N.E.2d 311; *Paduchik v. Mikoff*, 112 N.E.2d 69, 64 Ohio Law Abs. 150. Also, see, *Solomon v. Liquor Control Comm.*, 4 Ohio St.2d 31, 212 N.E.2d 595, relating to a different type of license, but wherein the matter for determination was the suspension or revocation of a permit."

We further find no violation of due process in view of the fact that an appellee in Mr. Shipley's circumstances is, by statute, granted the additional right to notice and a hearing on the independent suspension sanctions. § 31–276.26(c), supra, fn. 2.

■ We hold, therefore, that the trial court erred in directing a thirty-day suspension, as opposed to upholding the ninety-day suspension imposed, and that imposition of the last-mentioned sanction is not constitutionally infirm.

## ENTITLEMENT TO A HEARING

Appellant's contention—in regard to the timeliness of appellee's request for an administrative hearing—calls for a consideration of appellant's administrative rules (fn. 3, supra) and the applicable statutes. Appellant urges that the running of the time, within which a hearing must be requested, commenced as of the date of its Order of Suspension as opposed to the date on which appellee received that order. This being so—argues the appellant—the appellee's request was one day late, in consequence of which the Department of Revenue and Taxation was justified in denying the appellee a hearing in this case.

■ We would agree that the failure to timely request an administrative hearing would constitute a waiver of the right to any administrative review. *Campbell v. Chatwin*, 102 Ariz. 251, 428 P.2d 108, 113. The question of timeliness, however, depends on an interpretation of the agency's rule, § 31–276.26(c), supra, and § 9–276.-31(c), W.S.1957, 1975 Cum.Supp. [§ 9–4–113(c), W.S.1977].[5] The agency's rules require a licensee to file his hearing request within twenty days "from the date of notice." Section 31–276.26(c), supra, simply provides that before suspending a license, the motor vehicle division "shall immediately notify the licensee in writing and upon his request shall afford him an opportunity for a hearing." Finally, § 9–276.31(c), supra, provides that no license suspension is lawful unless the agency "gave notice by mail" to the licensee. The aforementioned statutes indicate the manner of service—a mailed writing—but they do little to explain how the time period established by agency rule should be calculated. Notice has been held effective from the time that a motor vehicle division mails a certified letter, containing notification of the proposed suspension. *Ryan v. Andrews*, 50 Ohio App.2d 72, 361 N.E.2d 1086. But, see, *Fell v. Bureau of Motor Vehicles*, 30 Ohio App.2d 151, 283 N.E.2d 825, cert. den., 419 U.S. 1010, 95 S.Ct. 330, 42 L.Ed.2d 285, and *People v. Liddell*, 19 Ill.App.3d 794, 313 N.E.2d 248. In each of the cited cases, however, the courts were dealing with statutes providing that the time, within which to request a license suspension hearing, commenced on the date of mailing. Under such circumstances, the filing of a hearing

5. Section 9–276.31—as part of the Wyoming Administrative Procedure Act—provides in pertinent part:

 "(a) Notice; hearing.—When the grant, denial, suspension, or removal of a license is required by law to be preceded by notice and an opportunity for hearing the provisions of this act [§§ 9–276.19 to 9–276.33] concerning contested cases apply.

 \* \* \* \* \* \*

 "(c) Prerequisites to revocation, etc.—No revocation, suspension, annulment, or withdrawal of any license is lawful unless, prior to the institution of agency proceedings, the agency gave notice by mail to the licensee of facts or conduct which warrant the intended action, and the licensee was given an opportunity to show compliance with all lawful requirements for the retention of the license. If the agency finds that public health, safety, or welfare imperatively requires emergency action, and incorporates a finding to that effect in its order, summary suspension of a license may be ordered pending proceedings for revocation or other action. These proceedings shall be promptly instituted and determined."

request within the indicated time period is considered a reasonable burden on the licensee—at least where there is no delay caused by the postal system. *Ryan v. Andrews,* supra. See, generally, Annot., "Sufficiency of Notice and Hearing Before Revocation or Suspension of Motor Vehicle Driver's License," 60 A.L.R.3d 437–447. Unlike most cases in this area, the appellee does not contest the fact that he actually received notice of the proposed suspension. We are only concerned, therefore, with the proper computation of the time within which to request a hearing.[6]

 Applicable statutes and rules should be liberally construed in favor of the right of a licensee to have a review of the proposed suspension. See, *Fell v. Bureau of Motor Vehicles,* supra. Viewed in this light, we find that the phrase "date of notice"—contained in Section 13 of the agency's rules (fn. 3 supra)—should be construed to mean the date of actual receipt by the licensee of the suspension order, rather than the date of the order or the date of its mailing. Cf., *Ferrenbach v. Mutual Reserve Fund Life Ass'n.,* 8 Cir., 121 F. 945, 59 C.C.A. 307, cert. den., 191 U.S. 569, 24 S.Ct. 842, 48 L.Ed. 306; and *Booher v. Farmer's Mut. Fire Ass'n of West Virginia,* 91 W.Va. 468, 113 S.E. 754 (where similar conclusions were reached with respect to the construction of insurance contracts). While such a conclusion may result in some inconvenience for the motor vehicle division (*Ryan v. Andrews,* supra), we find it necessary to protect the rights of the licensee—at least until the statutes or agency rules are clarified. Under such a construction, appellee timely filed his hearing request—since it was made within twenty days of receipt of the suspension order. We hold, therefore, that the district court was correct in directing appellant to provide appellee with an administrative hearing on his suspension.

The district court's order is reversed in part and affirmed in part, and the case is remanded for proceedings consistent with this opinion.

RAPER, Justice, specially concurring.

I concur with the result reached in the court's opinion with respect to the plaintiff's right to a hearing and also its interpretation of the words, "twenty (20) days from the date of notice", even though I consider it advisory. There are other aspects with respect to the right to hearing which should be the foundation for the court's result.

Since the court is holding that the 90-day suspension under § 31–276.26 is applicable, with which I agree, it ought to apply all the terms of § 31–276.26, which provide in pertinent part:

"(c) *Before* suspending or revoking the license or driving privilege of any person as authorized in this section, the division shall immediately notify the licensee in writing and upon his request shall afford him an opportunity for a hearing as early as practicable within 20 days after receipt of the request at a time and place specified by the division. * * * *" (Emphasis added.)

In the case before us, the agency entered an order suspending the plaintiff's driver's license, effective 30 days later, on the same date it received notice from the sentencing court of his conviction for drunken driving. On the same date, it also sent to plaintiff a copy of the order of suspension, together with a copy of the agency's rules which contained § 13, which the court interprets. No document entitled "Notice" was ever transmitted to the plaintiff. While plain-

---

6. It is noted that much clearer criteria for time computation exist in the statutes applicable to suspensions for failures to comply with the implied-consent law. Section 31-6-102(d), W.S.1977, provides, in pertinent part:

"(d) No such suspension is effective until ten (10) days after receipt by the arrested person of written notice thereof submitted by certified mail to the last known address fur-

nished the department or by personal service made in accordance with the provision of Rule 4, Wyoming Rules of Civil Procedure. Failure to demand a hearing within the ten (10) day period is a waiver of the right of hearing, and the department shall continue the suspension without further hearing. . . ."

tiff's counsel admirably and forthrightly admitted to the district judge, receipt of "notice," I question that plaintiff received any lawful notice.

In the first place, under § 31–276.26(c) the agency had no authority to suspend plaintiff's driver's license until after plaintiff was accorded a right to a hearing and waived or a hearing held and the license then suspended. In the second place, the plaintiff did not receive the notice contemplated by § 31–276.26(c) that his license would be suspended if he did not request a hearing. It was in fact suspended, even though with a future effective date. He only received a copy of the suspension order and the agency's rules.

I have indicated that the court's construction of the agency's Rule 13 is advisory. I believe it proper in this case to avoid the question again being raised, as a matter of public interest.