[Cite as *State v. Hutchings*, 2013-Ohio-5432.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99743

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MARK R. HUTCHINGS

DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED IN PART; REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-567754

**BEFORE:** Keough, J., Boyle, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** December 12, 2013

**ATTORNEY FOR APPELLANT**

David V. Patton
P.O. Box 39192
Solon, Ohio 44139

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Marcus A. Henry
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, Mark R. Hutchings, appeals from the trial court's journal entry of sentencing, which included the suspension of his Michigan driver's license. For the reasons that follow, we affirm in part and remand.

## I. Background

{¶2} In June 2012, the police executed a search warrant at Hutchings's residence in Berea, Ohio, where they found marijuana plants and approximately $24,000 in cash. Hutchings was not arrested or charged with any crime.

{¶3} In August 2012, Hutchings moved to Ypsilanti, Michigan, and in December, obtained a Michigan driver's license. As required by Michigan law, Hutchings surrendered his Ohio driver's license to the Michigan state authorities who issued his new license.

{¶4} On December 18, 2012, Hutchings was indicted in Cuyahoga County Common Pleas Court and charged with illegal cultivation of marijuana, drug trafficking, possession of controlled substances, and possessing criminal tools. He pled not guilty to all the charges.

{¶5} On February 7, 2013, at a plea hearing, Hutchings withdrew his not guilty plea and pled guilty to drug trafficking. The remaining charges were nolled.

{¶6} At the plea hearing, the trial judge informed Hutchings that she would refer him to the probation department for a presentence investigation report, and then asked

him "[w]hen was the last time you had a driver's license?" When Hutchings told the judge that he always carried a driver's license, she responded:

> Good. Give it to your attorney. Your driver's license is suspended from this day forward. You may not drive a car for any purpose. I will determine the length of the suspension after I read the PSI and hear from you and your counsel on the sentencing date which will be March 7th, 2013 * * *.

{¶7} The trial court then confiscated Hutchings's driver's license, although the court's journal entry of the plea hearing makes no mention that Hutchings's driver's license was suspended and confiscated at the hearing.

{¶8} Subsequently, on March 7, 2013, Hutchings appeared before the trial court for sentencing. The judge sentenced him to three years of community control sanctions and ordered that he forfeit $24,323 to the state. The trial court also told Hutchings that his driver's license was suspended for three years. The trial court's March 7, 2013 journal entry of sentencing states "Driver's license supension until 03/07/2016."

{¶9} Hutchings now appeals from this judgment.

## II. Analysis

{¶10} Hutchings pled guilty to drug trafficking in violation of R.C. 2925.03(A)(2). R.C. 2925.03(D)(2) provides that in addition to any other sanction imposed on the offender for violating R.C. 2925.03(A)(2), "[t]he court shall suspend the driver's * * * license * * * of the offender in accordance with division (G) of this section." R.C. 2925.03(G) provides that:

> When required under division (D)(2) of this section * * *, the court shall suspend for not less than six months or more than five years the driver's or

commercial driver's license or permit of any person who is convicted of or pleads guilty to any violation of this section or any other specified provision of this chapter. If an offender's driver's or commercial driver's license or permit is suspended pursuant to this division, the offender, at any time after the expiration of two years from the day on which the offender's sentence was imposed * * * may file a motion with the sentencing court requesting termination of the suspension; upon the filing of such a motion and the court's finding of good cause for the termination, the court may terminate the suspension.

{¶11} In his first assignment of error, Hutchings contends that the trial court was without jurisdiction to confiscate and suspend his Michigan driver's license. We agree that the trial court had no jurisdiction to confiscate Hutchings's driver's license but find that the court was required to suspend Hutchings's privilege to drive in Ohio.

{¶12} The reasoning of the Sixth District in *State v. Kivell*, 11 Ohio App.3d 12, 463 N.E.2d 52 (6th Dist.1983), is instructive. In *Kivell*, the defendant, a Michigan resident and holder of a valid Michigan driver's license, was found guilty after entering a plea of no contest to operating a motor vehicle while under the influence of alcohol. As part of his sentence, the trial judge suspended the defendant's Michigan driver's license for 30 days and required him to surrender his license to the clerk of court at the commencement of the license suspension.

{¶13} On appeal, the defendant argued, as Hutchings does here, that an Ohio court lacks jurisdiction to confiscate or suspend a driver's license issued by a foreign state. The Sixth District found that under R.C. 4509.01(C)(3), the term "'license' includes any license, permit, or privilege to operate a motor vehicle * * * including: any nonresident's operating privilege." *Id.* at 14. The court further found that a nonresident's privilege to

operate a motor vehicle upon this state's highways arises under R.C. 4507.04 as follows: "Nonresidents, permitted to drive upon the highways of their own state, may operate any motor vehicle upon any highway in this state without examination or license under sections 4507.01 to 4507.39, inclusive, of the Revised Code * * *." *Id.*

{¶14} In light of these provisions, the court concluded that

> when a trial judge of any court of record suspends or revokes the *license* of a nonresident because that nonresident has pled guilty to or has been convicted of operating a motor vehicle while under the influence of alcohol, as the trial judge is required to do by R.C. 4507.16, the trial court is, in effect, suspending or revoking the nonresident's privilege of operating a motor vehicle upon the highways of this state.

(Emphasis sic.) *Id.*

{¶15} Accordingly, the Sixth District found that a trial court may not order a nonresident to surrender physical possession of the nonresident's driver's license but may withdraw from the nonresident the privilege of operating a motor vehicle on that state's highways. *Id.*

{¶16} Although this case involves drug trafficking rather than operating a vehicle while under the influence of alcohol, we find the reasoning of *Kivell* persuasive. Under R.C. 2925.03(D)(2), the trial court was required to suspend Hutchings's driver's license. Because under R.C. 4509.01, the term "license" includes a nonresident's operating "privilege," the trial court was authorized to suspend Hutchings's privilege to operate a motor vehicle upon the roads and highways of Ohio. It was not authorized, however, to physically confiscate his Michigan driver's license. *See also State v. McDonald*, 11th Dist. Geauga No. 96-G-2036, 1997 Ohio App. LEXIS 4028 (Sept. 5, 1997) (a trial court

may not require a nonresident to surrender physical possession of his or her operator's license but has the authority to suspend a nonresident's driving privileges in Ohio); *State v. Wright*, 2d Dist. Montgomery No. CA 9254, 1985 Ohio App. LEXIS 9891 (Dec. 11, 1985).

**{¶17}** The first assignment of error is therefore sustained in part.

**{¶18}** In his second assignment of error, Hutchings contends that the trial court erred in confiscating his license at the February 7, 2013 plea hearing and telling him that his license was suspended as of that day, but then issuing a journal entry of sentencing on March 7, 2013, that ordered his license suspended for three years until March 7, 2016. Hutchings contends that the trial court should have issued an entry suspending his license as of February 7, 2013, when it confiscated his license. He further argues that because the judge told him his license was suspended as of February 7, 2013, but did not issue a journal entry until after sentencing that ordered his license suspended until March 7, 2016, he will actually have to wait two years and one month to file a motion under R.C. 2925.03(G) requesting termination of the suspension, instead of the statutory two-year wait period. We agree.

**{¶19}** At the plea hearing on February 7, the trial court confiscated Hutchings's driver's license and told him that his license was suspended "from this day forward." Accordingly, the trial court erred in subsequently ordering that Hutchings's license was suspended for three years as of March 7, 2013, until March 7, 2016.

**{¶20}** The second assignment of error is sustained.

**{¶21}** The trial court is instructed to return Hutchings's driver's license to him without delay. Furthermore, because the trial court's March 7, 2013 judgment entry suspended Hutchings's driving privileges anywhere, rather than just in Ohio,[1] the matter is remanded for the trial court to issue a nunc pro tunc judgment entry that suspends Hutchings's privilege to operate a motor vehicle upon the streets and highways within the state of Ohio for three years, effective February 7, 2013.

**{¶22}** Under R.C. 4509.35, whenever any nonresident has been convicted of an offense for which the court is required to impose a license suspension under any provision of the Revised Code, the clerk of court shall immediately forward to the registrar of motor vehicles a certified copy of the conviction. Upon receipt, the registrar shall suspend the nonresident's operating privilege (*see* R.C. 4509.33) and transmit a certified copy of the conviction to the "official in charge of the issuance of licenses and registration of the state of which the defendant is a resident." R.C. 4509.36.

**{¶23}** Accordingly, the trial court is instructed to include language in its nunc pro tunc entry that instructs the clerk of court, pursuant to R.C. 4509.35, to forward to the registrar of motor vehicles a certified copy of Hutchings's conviction.

**{¶24}** Affirmed in part; remanded to the common pleas court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

---

[1]The entry stated, "Driver's license suspension until 03/07/2016."

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, P.J., and
MARY EILEEN KILBANE, J., CONCUR