[Cite as *State v. Hutchings*, 2014-Ohio-4675.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 100735

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# MARK R. HUTCHINGS

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-567754-A

**BEFORE:** Celebrezze, P.J., Rocco, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** October 23, 2014

**ATTORNEY FOR APPELLANT**

David V. Patton
P.O. Box 39192
Solon, Ohio   44139


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Adam M. Chaloupka
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


**AMICUS CURIAE**

National Organization for the Reform
of Marijuana Laws (NORML)
Ohio Chapter
BY:    Ashley N. Clericus
Young, Pryor, Lynn & Jerardi
First National Plaza
Suite 800
130 West Second Street
Dayton, Ohio   45402

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Defendant-appellant, Mark R. Hutchings, appeals from the judgment of the common pleas court denying his motion to modify his community control sanctions. After a careful review of the record and relevant case law, we affirm the trial court's judgment.

## I. Procedural and Factual History

{¶2} In June 2012, the police executed a search warrant at appellant's residence in Berea, Ohio, where they found marijuana plants and approximately $24,000 in cash. Appellant was not arrested or charged with any crime.

{¶3} In August 2012, appellant moved to Ypsilanti, Michigan, and in December, obtained a Michigan driver's license. As required by Michigan law, appellant surrendered his Ohio driver's license to the Michigan state authorities who issued his new license.

{¶4} On December 18, 2012, appellant was indicted in Cuyahoga County Common Pleas Court and charged with illegal cultivation of marijuana, drug trafficking, possession of controlled substances, and possessing criminal tools. He pled not guilty to all of the charges.

{¶5} On February 7, 2013, appellant withdrew his not guilty plea and pled guilty to one count of drug trafficking in violation of R.C. 2925.03(A)(2), a felony of the fourth degree, with forfeiture specifications. The remaining charges were nolled. On March 7,

2013, the trial court sentenced appellant to three years of community control sanctions. The trial court further ordered forfeiture of $24,323 to the state and suspended appellant's driver's license for three years.

{¶6} Subsequently, appellant appealed the suspension of his Michigan driver's license. This court upheld appellant's community control sanctions, but reversed and remanded based on the improper confiscation of his Michigan driver's license by the trial court. *State v. Hutchings*, 8th Dist. Cuyahoga No. 99743, 2013-Ohio-5432.

{¶7} On May 1, 2013, appellant tested positive for marijuana. On July 11, 2013, appellant was found to be in violation of his community control sanctions based on his failed drug test.

{¶8} On October 1, 2013, appellant filed a motion to modify his community control sanctions. Appellant argued that the condition prohibiting his use of marijuana was improper because he had a valid prescription to use medical marijuana in Michigan under the Michigan Medical Marihuana Act ("MMMA").[1] On November 25, 2013, the trial court denied appellant's motion.

---

[1] In 2008, Michigan passed the Michigan Medical Marihuana Act, Mich.Comp.Laws 333.26421 et seq., to provide protections for the medical use of marijuana. The Act defines the term "medical use" to include "the acquisition, possession, cultivation, manufacture, use, internal possession, delivery, transfer, or transportation of marihuana or paraphernalia relating to the administration of marihuana to treat or alleviate a registered qualifying patient's debilitating medical condition or symptoms associated with the debilitating medical condition." *Id*. at 333.26423(e). Although the Act broadly defines a "debilitating medical condition," only a "qualifying patient" or "primary caregiver" who is issued a "registry identification card" by the Michigan Department of Community Health is permitted to administer or use medical marijuana. *Id*. at 333.26423(h), (g), (i). Thus

{¶9} Appellant now appeals the trial court's denial of his motion to modify his community control sanctions, raising 11 assignments of error for review.

## II. Law and Analysis

### A. Full Faith and Credit Clause and Choice-of-Law Principles

{¶10} In his first assignment of error, appellant argues that the trial court erred in denying his motion to modify his community control conditions regarding marijuana use because such a modification was required under choice of law principles. In his second assignment of error, appellant argues that the trial court's condition prohibiting his use of marijuana violates the Full Faith and Credit Clause of the United States Constitution. Because appellant's first and second assignments of error raise similar arguments, we address them together.

{¶11} Article IV, Section 1, of the United States Constitution provides, "Full Faith and Credit shall be given in each State to the public Acts, Records and judicial Proceedings of every other State." Appellant contends that the Full Faith and Credit Clause requires Ohio to apply the MMMA, a "public act," to Michigan residents who are sentenced in Ohio.

{¶12} We find appellant's reliance on the Full Faith and Credit Clause to be misplaced. While not factually analogous to the case at hand, we find the state's reliance

---

any "qualifying patient" or "primary caregiver who has been issued and possesses a registry identification card shall not be subject to arrest, prosecution, or penalty of any manner, or denied any right or privilege, including but not limited to civil penalty or disciplinary action by a business." *Id.* at 333.26424(a),(b).

on the legal ramifications of *State v. Berringer*, 234 Or.App. 665, 229 P.3d 615 (2010), to be appropriate. In *Berringer*, the defendant, a California resident who was qualified to possess marijuana in California under the California Compassionate Use Act ("CCUA"), was arrested in Oregon for unlawful possession of marijuana. In rejecting defendant's argument that the Full Faith and Credit clause "required Oregon to honor the immunity from prosecution that is conferred on him by California law," the Oregon appellate court held:

> The CCUA does not (and could not) provide a defense against enforcement of Oregon's marijuana laws in Oregon. Put another way, the Full Faith and Credit Clause requires (at most) that a state give effect to rights established between parties that arise from judgments, agreements, or statutes originating in other states. *See Delehant v. Board on Police Standards*, 317 Ore. 273, 282, 855 P.2d 1088 (1993). The CCUA establishes (again, at most) rights between qualified California residents and the state of California — not the state of Oregon. Thus, in this case, Oregon does give full faith and credit to the CCUA, because Oregon does not (and could not) enforce California's marijuana laws against defendant.

{¶13} Here, appellant's community control sanctions and their accompanying conditions are governed by Ohio criminal statutes. *See* R.C. 2929.15. The MMMA, a public act, establishes rights between qualified Michigan residents and the state of Michigan; however, it does not interfere with or circumvent the state of Ohio's application of its own criminal statutes. Just as the CCUA does not prevent Oregon from enforcing its criminal statutes restricting drug possession where a party possesses drugs in Oregon, the MMMA does not usurp Ohio's ability to enforce its restrictions against illegal drug use under R.C. 2929.15 where a defendant is sentenced in Ohio for acts committed in Ohio. Appellant has provided this court with no case law to hold otherwise.

{¶14} Moreover, we do not find a choice-of-law analysis necessary in this case. Appellant's choice of law argument focuses on his ability to legally use medical marijuana while living in Michigan under the MMMA. However, in the instant case, we are not asked to address the legality of appellant's marijuana use in Michigan or Ohio. Instead, we are required to review whether the trial court was permitted to restrict appellant's drug use under the Ohio Revised Code while he is under community control sanctions in Ohio. With respect to this issue, we note that the state of Michigan contains similar provisions in its criminal statutes, which permit the trial court to restrict a defendant's use of drugs while on probation. *See* Mich.Comp.Laws 771.3. The statutes provide no exception for parties who possess a valid medical marijuana prescription. Just as a trial court may restrict the use of substances that may otherwise be legal to use or consume, such as alcohol, both Ohio and Michigan have criminal statutes permitting the court to prohibit the use of marijuana in order to best rehabilitate its offenders. Thus, choice-of-law principles are not implicated in this matter. The fact that Michigan has legalized medical marijuana, while Ohio has not, does not alter the trial court's ability to restrict appellant's marijuana use as a condition of his community control sanctions pursuant to Ohio criminal statutes.

{¶15} Appellant's first and second assignments of error are overruled.

### B. Medical Rights

{¶16} In his third and fourth assignments of error, appellant argues that the trial court's condition prohibiting his use of marijuana violates his right to medical care under

the Eighth Amendment to the United States Constitution and Article I, Section 9 of the Ohio Constitution.

{¶17} The Eighth Amendment of the United States Constitution and Article I, Section 9 of the Ohio Constitution each provide: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

{¶18} In *Estelle v. Gamble,* 429 U.S. 97, 104-105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), the Supreme Court of the United States recognized, pursuant to the Eighth Amendment, "the government's obligation to provide medical care for those whom it is punishing by incarceration."

{¶19} Without determining whether appellant's community control sanctions are the functional equivalent of an "incarceration," we find that the condition prohibiting appellant's use of marijuana did not constitute a deliberate indifference to appellant's serious physical needs or an unconstitutional limit to his access to necessary medical treatment. Although appellant was prohibited from using medical marijuana, he is free to receive alternative medical treatments for his claimed ailments. Moreover, we cannot say that marijuana, an illegal drug under federal law, constitutes a "necessary medical treatment," and appellant has provided this court with no authority to state otherwise.

{¶20} Appellant's third and fourth assignments of error are overruled.

### C. Equal Protection Clause

{¶21} In his fifth and sixth assignment of error, appellant argues that the trial court's condition prohibiting his use of marijuana violates the Equal Protection Clauses of

the United States and Ohio Constitutions. Appellant contends that there is no valid state interest in treating medical marijuana differently than any other prescribed drug.

**{¶22}** Both the Ohio and United States Constitutions provide that no person shall be deprived of life, liberty, or property without due process of law or be denied the equal protection of the law. Ohio Constitution, Article I, Section 2; Fourteenth Amendment to the U.S. Constitution.

**{¶23}** Where, as here, an equal protection challenge does not implicate a fundamental right or a suspect classification, courts employ a rational basis standard of review. *State v. Mole*, 8th Dist. Cuyahoga No. 98900, 2013-Ohio-3131. The rational-basis test involves a two-step analysis. We must first identify a valid state interest. Next, we must determine whether the method or means by which the state has chosen to advance that interest is rational. *McCrone v. Bank One Corp.*, 107 Ohio St.3d 272, 2005-Ohio-6505, 839 N.E.2d 1, ¶ 9, citing *Buchman v. Wayne Trace Local School Dist. Bd. of Edn.*, 73 Ohio St.3d 260, 267, 652 N.E.2d 952 (1995).

**{¶24}** After careful consideration, we find that the state has a legitimate interest in the rehabilitation of offenders. Moreover, the state's decision to prohibit the use of controlled substances, including marijuana, while an individual is on community control rationally advances the state's legitimate interest because it plays a role in the rehabilitation process and serves to reduce the chance of recidivism.

**{¶25}** Based on the foregoing, we hold that the prohibition of the use of marijuana does not violate the Equal Protection Clauses of the United States and Ohio Constitutions.

**{¶26}** Appellant's fifth and sixth assignments of error are overruled.

### D. Ineffective Assistance of Counsel

**{¶27}** In his seventh and eighth assignments of error, appellant argues that he was deprived of his right to effective counsel under the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution. Appellant contends that defense counsel's recommendation not to disclose his MMMA prescription card to the trial court prior to his original sentencing constituted ineffective assistance of counsel.

**{¶28}** To succeed on an ineffective assistance of counsel claim, appellant must show that (1) counsel's failures fell below an objective standard of reasonableness and (2) counsel's deficient performance was prejudicial. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**{¶29}** As to the first prong of the *Strickland* test, counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. As to the second prong, the defendant can show prejudice only if there is "a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph three of the syllabus. The defendant must prove both prongs of the *Strickland* test to prevail on a claim of ineffective assistance of counsel. *Strickland* at 687.

**{¶30}** In challenging the effectiveness of defense counsel, appellant merely states that the recommendation not to disclose his prescription card to the trial court was "bad

legal advice." Appellant provides no basis for how he was prejudiced by the recommendations of defense counsel or how the outcome of his community control proceedings would have been different had the information been disclosed. Moreover, this court finds that even if defense counsel would have disclosed the existence of appellant's medical marijuana card, it would not have altered the trial court's decision to include a condition prohibiting the use of marijuana as part of appellant's community control sanctions. Because appellant has not met his burden under *Strickland*, we are unable to conclude that he received ineffective assistance of counsel.

{¶31} Appellant's seventh and eighth assignments of error are overruled.

### E. As-Applied Challenge

{¶32} In his ninth assignment of error, appellant argues that his community control sanction is unconstitutional as applied to him.

{¶33} An as-applied constitutional challenge alleges that the application of the statute in the particular context would be unconstitutional. "The practical effect of holding a statute unconstitutional 'as applied' is to prevent its future application in a similar context, but not to render it utterly inoperative." *Yajnik v. Akron Dept. of Health, Hous. Div.*, 101 Ohio St.3d 106, 2004-Ohio-357, 802 N.E.2d 632, ¶ 14, quoting *Ada v. Guam Soc. of Obstetricians & Gynecologists*, 506 U.S. 1011, 113 S.Ct. 633, 121 L.Ed.2d 564 (1992) (Scalia, J., dissenting).

{¶34} To prevail on a constitutional challenge to the statute as applied, the challenger must present clear and convincing evidence of the statute's constitutional

defect. *Belden v. Union Cent. Life Ins. Co.*, 143 Ohio St. 329, 55 N.E.2d 629 (1944), paragraph six of the syllabus.

> Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.

*Lansdowne v. Beacon Journal Publishing Co.*, 32 Ohio St.3d 176, 180-181, 512 N.E.2d 979 (1987), quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

**{¶35}** In the instant case, appellant argues that R.C. 2929.15 and 2929.17 are unconstitutional as applied to him because the community control conditions unconstitutionally forbid him from lawfully using medical marijuana in Michigan. We disagree. As stated, the state of Ohio has the authority to regulate the use of controlled substances by those placed on community control sanctions in this state. Appellant's individual circumstances do not impact the state of Ohio's ability to regulate and enforce its criminal statutes.

**{¶36}** Appellant's ninth assignment of error is overruled.

### F. Americans with Disabilities Act

**{¶37}** In his tenth assignment of error, appellant argues that the trial court's condition prohibiting his use of marijuana was imposed in violation of the Americans with Disabilities Act ("ADA"). Appellant contends that because of the "severe and

chronic pain" in his shoulders, back, and sciatica, he is an "individual with a disability" under the ADA. We disagree.

{¶38} Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity or be subjected to discrimination by any such entity." 42 U.S.C. 12132. However, under section 12210(A) of the act, the term "individual with a disability" does not include an individual who is currently engaging in the illegal use of drugs as defined by the Controlled Substances Act. *See* 42 U.S.C. 12210(d)(1). Significantly, marijuana is prohibited under the Controlled Substances Act. 21 U.S.C. 802.

{¶39} Considering the totality of these statutes, Congress has made clear that the ADA defines "illegal drug use" by reference to federal law, not state law, and federal law does not authorize appellant's medical marijuana use. *James v. Costa Mesa*, 700 F.3d 394 (9th Cir.2012) (holding that doctor-recommended marijuana use permitted by state law, but prohibited by federal law, is an illegal use of drugs for purposes of the ADA, and that the plaintiff's federally proscribed medical marijuana use therefore brings them within the ADA's illegal drug exclusion).

{¶40} Accordingly, appellant does not qualify as an individual with a disability under the ADA, and his medical marijuana use is not protected by the ADA.

{¶41} Appellant's tenth assignment of error is overruled.

## G. The Rehabilitation Act of 1973

**{¶42}** In his eleventh assignment of error, appellant argues that the trial court's condition prohibiting his use of marijuana was imposed in violation of the Rehabilitation Act of 1973.

**{¶43}** The Rehabilitation Act provides that

[n]o otherwise qualified individual with a disability in the United States, as defined in section 7(20) [29 U.S.C. 705(20)], shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

**{¶44}** Under 29 U.S.C. 705(20), the term "individual with a disability" means any individual who

(i) has a physical or mental impairment which for such individual constitutes or results in a substantial impediment to employment; and (ii) can benefit in terms of an employment outcome from vocational rehabilitation services provided pursuant to title I, III, or VI [29 U.S.C. 720 et seq., 771 et seq., or 795 et seq.].

**{¶45}** However, as in the ADA, section 705(20)(C)(i) states that the term "individual with a disability" does not include an individual who is currently engaging in the illegal use of drugs, when a covered entity acts on the basis of such use.

**{¶46}** Accordingly, appellant is not an individual with a disability under the Rehabilitation Act and is not entitled to the constitutional protections it provides where his arguments rely on the use of a drug listed as a controlled substance under federal law.

**{¶47}** Appellant's eleventh assignment of error is overruled.

### III. Conclusion

**{¶48}** Based on the foregoing, we find that the trial court did not err in denying appellant's motion to modify his community control sanctions. The provision prohibiting appellant from using marijuana while on community control is permitted under Ohio criminal statutes.

**{¶49}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

KENNETH A. ROCCO, J., and
MARY EILEEN KILBANE, J., CONCUR